## MOUNT v. BROOKLYN UNION GAS CO.

(Supreme Court, Appellate Division, Second Department. May 29, 1902.)

1. NEGLIGENCE—PERSONAL INJURY—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

As plaintiff, as janitor of a building, was taking a barrel into the basement, some one closed the door, and she stumbled over a pile of gas pipes which defendant had left on the floor. Defendant had no right in the basement, except to maintain racks for the storage of gas pipes. A few days before she was injured in a similar manner, and complained to defendant's employés who carried the pipes into the cellar, and one of them said he was sorry. *Held*, that testimony of such occurrence, complaint, and answer was admissible on the issue of contributory negligence.

2. TRIAL—HYPOTHETICAL QUESTIONS—OBJECTIONS.

Under an objection to hypothetical questions that sufficient facts were not stated, the question whether such questions assumed facts of which there was no proof cannot be considered.

3. SAME—ERRONEOUS STATEMENT OF EVIDENCE—FAILURE TO EXCEPT.

Where the court erroneously stated plaintiff's claim to the jury, and there was no exception to such statement, such error was not ground for reversal.

Appeal from trial term, Kings county.

Action by Elizabeth Ellen Mount against the Brooklyn Union Gas Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Herbert C. Smyth (Edwin A. Jones, on the brief), for appellant.
Herbert T. Ketcham (Grosvenor Nicholas, on the brief), for respondent.

WILLARD BARTLETT, J. The plaintiff was the janitor of a building in the basement or cellar of which the defendant corporation occupied a rack for the storage of gas pipes. Having occasion to carry a barrel into the basement, the plaintiff entered it by the way of the front steps leading down through a door on the sidewalk. Some one suddenly shut the door after her, thus darkening the basement; and, in groping along, the plaintiff stumbled over a large pile of gas

pipes which had been left on the floor, and fell, sustaining injuries for which she has recovered a verdict for $3,250 in the present action. The evidence was quite sufficient to support the conclusion that the defendant was negligent in placing these gas pipes on the floor, instead of in the rack, inasmuch as the pleadings indicate that the only right which the defendant had in the basement was to maintain racks there for the storage of pipe, and that it was not contemplated that any part of the floor should be occupied for such purpose. The accident out of which the cause of action arose occurred on October 26, 1899. It was alleged in the complaint and proved upon the trial that on the 9th day of October, in the same year, the plaintiff seriously injured herself by falling over gas pipes which had been scattered on the same basement floor. The plaintiff testified that she complained of this occurrence to four of the defendant's employés whom she had seen engaged in carrying gas pipes into the cellar, and that one of them said to her he was very sorry. The learned counsel for the appellant contend that this testimony was erroneously received, inasmuch as, even though the conversation be deemed to be had with a duly authorized agent of the company, there was no claim that the pipes which injured the plaintiff on the 9th were the same which injured her on the 26th; so that notice to the defendant of the conditions existing on one day would not tend to show knowledge on the defendant's part of the condition of things at a later date. I think, however, that the reception of this evidence may be justified by reason of its bearing on the question of contributory negligence. The statement that he was sorry, by a servant of the defendant who was apparently responsible for placing the pipes where they were when the first accident occurred, would naturally lead the plaintiff to suppose that she need not anticipate the presence of a similar obstacle to free passage over the floor of the cellar on the occasion of the second accident.

It is also insisted that certain hypothetical questions put to a physician who was called as a witness for the plaintiff ought not to have been allowed, because they assumed certain facts of which there was no proof in the case. On this point it is enough to say that there was no objection as to any of those questions that the question did not accord with the evidence in any specific respect, nor was there even a general objection that it did not conform to the facts. The ground of the objection actually made was that sufficient facts were not stated, and that there were other facts which might change the opinion of the expert. There is no rule which binds the examining counsel, under such circumstances, to state all the facts which his opponent deems necessary. It is enough if the assumptions contained in the question are within the probable or even possible scope of the proof given. Quinn v. O'Keeffe, 9 App. Div. 68, 73, 41 N. Y. Supp. 116.

The learned trial judge, in the course of his remarks, said the plaintiff claimed "that she had received the assurance of men in the employ of the defendant—the ones who carried this pipe down—that they would not be left there." No exception was taken to this instruction, but it is nevertheless contended in behalf of the defendant that the judgment ought to be reversed because the assumption of the learned court that any such assurance was given was erroneous; and the case

of Brennan v. Richardson, 38 App. Div. 463, 56 N. Y. Supp. 428, is cited in support of the proposition that there ought to be a reversal, under such circumstances, notwithstanding the absence of an exception. In the case cited, however, the charge contained a distinctly erroneous proposition of law. Here there was no such error, but the most that can be said is that the court inferred, from the evidence which had been given, a fact which was hardly justified by the proof. This inference, however, could not have been deemed a mistaken one at the time, or the remarks of the court would certainly have been made the subject of an exception by counsel; and a slight error of this character, which would doubtless have been corrected if the attention of the court had been called to it by an exception, does not afford a sufficient reason for interfering with the judgment.

For these reasons, I advise an affirmance.

Judgment and order unanimously affirmed, with costs. All concur.